■ In the Matter of the Estate of THOMAS CARVEL, Deceased. PAMELA CARVEL et al., Respondents-Appellants; THOMAS & AGNES CARVEL FOUNDATION, Appellant-Respondent; HERBERT F. ROTH, C/O ANDREAS HOLDING Co., Respondent-Appellant. [769 NYS2d 403]—

In a proceeding, inter alia, to settle the intermediate account of four of the seven original executors under the will of Thomas Carvel, the Thomas and Agnes Carvel Foundation appeals, and Pamela Carvel and Leonard M. Ross separately cross-appeal, from a decree of the Surrogate's Court, Westchester County (Scarpino, S.), entered August 22, 2002, which, after a hearing, determined that the estate of Thomas Carvel and the estate of Agnes Carvel each own 50% of the common stock of Chain Locations of America, Inc.

Ordered that the decree is affirmed, without costs or disbursements.

On February 13, 1988, Thomas Carvel and Agnes Carvel executed a "stock power" purporting to transfer 115 shares in Chain Locations of America, Inc. (hereinafter Chain), from Thomas Carvel and Agnes Carvel to Thomas Carvel. Thereafter, however, no new stock certificates were issued and no other documents, such as corporate books, were amended to reflect Thomas Carvel's sole ownership. In addition, Thomas Carvel and Agnes Carvel subsequently voted their shares in Chain.

The Surrogate's Court determined that, even though the federal estate tax return filed in 1992, following Thomas Carvel's death, listed the estate of Thomas Carvel as the sole

owner of the shares, the evidence did not demonstrate that Agnes Carvel made a gift of her portion of the shares to her husband (*see Gruen v Gruen,* 68 NY2d 48 [1986]; *Mortellaro v Mortellaro,* 91 AD2d 862 [1982]; *Matter of Carroll,* 100 AD2d 337 [1984]; *cf. Pell St. Nineteen Corp. v Yue Er Liu Mah,* 243 AD2d 121 [1998]).

The court also correctly determined that the estate of Agnes Carvel only owns 50% of the Chain stock since there was insufficient evidence to show that Agnes Carvel had a right of survivorship. The evidence established that Thomas Carvel and Agnes Carvel owned the shares as tenants-in-common (*see Belfanc v Belfanc,* 252 App Div 453 [1937], *affd* 278 NY 563 [1938]; EPTL 6-2.2).

Finally, Herbert F. Roth, c/o Andreas Holding Co., an executor of the estate of Thomas Carvel, claims that the "stock power" constituted a binding agreement between Thomas Carvel and Agnes Carvel. However, the claim, which was not addressed by the Surrogate, is not before this Court since Roth has not appealed from the decree. Krausman, J.P., McGinity, Townes and Cozier, JJ., concur.