SECOND DEPARTMENT, JULY, 2015

(July 1, 2015)

■ BANK OF NEW YORK, as Trustee for the CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2005-J11 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-J11, Respondent, v JOHN STEIN et al., Defendants, and DIANE CRICCHIO STEIN, Formerly Known as DIANE CRICCHIO, Appellant. [13 NYS3d 458]—In an action to foreclose a mortgage, the defendant Diane Cricchio Stein, formerly known as Diane Cricchio, appeals (1) from an order of Supreme Court, Suffolk County (Rebolini, J.), dated November 15, 2013, which granted the plaintiff's motion to vacate a prior order of reference of the same court dated March 16, 2010, for the issuance of a new order of reference, and to amend the complaint, notice of pendency, and the underlying mortgage, and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, and (2), as limited by her brief, from so much of an order of the same court dated September 30, 2014, as, upon reargument, adhered to the determination in the order dated November 15, 2013.

Ordered that the appeal from order dated November 15, 2013, is dismissed, as that order was superseded by that portion of the order dated September 30, 2014, which was made upon reargument; and it is further,

Ordered that the order dated September 30, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (5) to vacate a prior order of reference (*see Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220 [2013]). The plaintiff was also entitled to a new order of reference since, in support of its motion, it submitted the mortgage, the underlying unpaid note, the complaint setting forth the facts establishing the claim,

and an affidavit attesting to the default on the mortgage, and the appellant failed to interpose an answer to the complaint (*see* RPAPL 1321; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d 782 [2012]).

The Supreme Court properly granted those branches of the plaintiff's motion which were to amend the complaint, notice of pendency, and the underlying mortgage to correct a scrivener's error in the description of the mortgaged property, and to make certain other amendments to the complaint, as the amendments sought were not substantive and did not prejudice the appellant (*see Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225 [2014]; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465 [2014]).

The appellant's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.