■ NATIONSTAR MORTGAGE, LLC, Appellant, v WILLIAM WONG et al., Defendants. [18 NYS3d 669]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered December 11, 2013, which denied its unopposed motion for summary judgment on the complaint, an order of reference, and leave to amend the caption, and which, sua sponte, in effect, directed the dismissal of the complaint insofar as asserted against the defendant William Wong.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed the dismissal of the complaint insofar as asserted against the defendant William Wong is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment on the complaint, an order of reference, and leave to amend the caption is granted.

The Supreme Court improperly, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant William Wong on the ground that the plaintiff lacked standing. " 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (*Onewest Bank, FSB v Prince*, 130 AD3d 700, 701 [2015], quoting *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank N.A. v Polanco*, 126 AD3d 883 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841 [2015]; *Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]; *Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013]). Moreover, a party's lack of

standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d at 932; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048).

Moreover, the Supreme Court erred in denying the plaintiff's unopposed motion for summary judgment on the complaint, an order of reference, and leave to amend the caption. A plaintiff seeking to establish prima facie entitlement to judgment as a matter of law in a residential mortgage foreclosure action must produce the mortgage, the unpaid note, and evidence of the default (*see Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726, 726 [2014]; *W & H Equities LLC v Odums*, 113 AD3d 840, 841 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff also must prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]). In a foreclosure action, a plaintiff has standing if it is either the holder of, or the assignee of, the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]).

Contrary to the plaintiff's contention, Wong raised the issue of the plaintiff's standing by interposing an answer which, in effect, denied the plaintiff's allegation that it was the holder of the note (*see* CPLR 3018; *Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 910 [2015]; *US Bank N.A. v Faruque*, 120 AD3d 575, 576 [2014]). Further, contrary to the Supreme Court's determination, the plaintiff established its standing to commence the action. The affidavit of the plaintiff's assistant secretary was sufficient to establish, prima facie, that the mortgage and note were physically delivered to the plaintiff prior to commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of Wong's default (*see W & H Equities LLC v Odums*, 113 AD3d at 841).

Since no opposition to the motion was submitted by the defendants, they failed to raise a triable issue of fact (*see Onewest Bank, FSB v Prince*, 130 AD3d 700, 702 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion for summary judgment on the complaint, an order of reference, and leave to amend the caption. Eng, P.J., Chambers, Roman and Barros, JJ., concur.