■ Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1, Appellant-Respondent, v Eugene Martin, Respondent-Appellant, et al., Defendants. [19 NYS3d 777]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 5, 2014, as denied its motion for leave to enter a default judgment against the defendants, for an order of reference, and for leave to amend the caption and, sua sponte, directed the dismissal of the complaint, and the defendant Eugene Martin cross-appeals, as limited by his brief, from so much of the same order as denied, in effect, as academic, his motion for leave to file a late answer.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to enter a default judgment, for an order of reference, and for leave to amend the caption, and the cross motion of the defendant Eugene Martin for leave to file a late answer.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see Bank of N.Y. v Castillo, 120 AD3d 598 [2014]; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817 [2013]). Here, the Supreme Court was not presented with extraordinary circumstances warranting sua sponte dismissal of the complaint. Even if the plaintiff had lacked standing, it would not have constituted a jurisdictional defect and would not warrant a sua sponte dismissal of the complaint (see Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843 [2015]; Bank of N.Y. v Cepeda, 120 AD3d 451, 453 [2014]; HSBC Bank USA, N.A. v Taher, 104 AD3d at 817).

Since the Supreme Court did not consider the merits of either the motion or the cross motion, the matter must be remitted to the Supreme Court, Kings County, for a determination of the

motion and cross motion on the merits (*see Emigrant Mtge. Co., Inc. v Gosdin*, 119 AD3d 639, 640 [2014]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711 [2012]).

The plaintiff's remaining contention is without merit. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.