■ U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to BANK OF AMERICA, NATIONAL ASSOCIATION (Successor by Merger to LASALLE BANK NATIONAL ASSOCIATION), as Trustee for MORGAN STANLEY MORTGAGE LOAN TRUST 2007-7AX, 3476 STATEVIEW BOULEVARD, FT. MILL, SC 29715, Appellant, v SHAWNORA GULLEY, Also Known as SHAWNORA ARLENE GULLEY and Another, Respondent, et al., Defendants. [27 NYS3d 601]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered January 21, 2015, which, in effect, denied its motion for an order of reference, to deem all defendants who had failed to appear or answer in default, and to amend the caption, and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion for an order of reference, to deem all defendants who had failed to appear or answer in default, and to amend the caption is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendant Shawnora Gulley, also known as Shawnora Arlene Gulley, also known as S. Gulley, alleging that she had defaulted on her payment obligations. Gulley failed to appear or answer the complaint. The plaintiff thereafter moved for an order of reference, to deem all defendants who had failed to appear or answer in default, and to amend the caption. Gulley opposed the motion, alleging, inter alia, that she had not been served and that the plaintiff lacked standing to commence this action. The Supreme Court, in effect, denied the plaintiff's motion and, sua sponte, directed the dismissal of the complaint.

The Supreme Court erred in, in effect, denying the plaintiff's motion. The plaintiff demonstrated its entitlement to an order of reference and to deem all defendants who had failed to appear or answer in default by submitting an affidavit of merit from a representative of its servicing agent, accompanied by a power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff. The affidavit of merit set forth the facts establishing the plaintiff's claim, including that the plaintiff was the holder of the mortgage and note, and that Gulley defaulted on her payment obligations (*see US Bank N.A. v Smith*, 132 AD3d 848, 850 [2015]; *Bank of N.Y. v Stein*, 130 AD3d 552, 553 [2015]; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *Bank of N.Y. v Cepeda*, 120 AD3d 451, 452 [2014]). The plaintiff also submitted proof that although two of the defendants had served limited notices of appearance, none of the defendants, including Gulley, had otherwise appeared or answered within the time allowed (*see Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680, 682 [2015]). In addition, the plaintiff demonstrated that the caption should be amended (*see* CPLR 1024; *U.S. Bank N.A. v Norgriff*, 131 AD3d 527 [2015]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]). In opposition to the motion, the unsubstantiated denial of service alleged in the affirmation of Gulley's attorney was insufficient to rebut the prima facie proof of proper service set forth in the plaintiff's affidavits of service (*see US Bank N.A. v Smith*, 132 AD3d at 850; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). Furthermore, since Gulley did not answer the complaint and did not make a pre-answer motion to dismiss the complaint, she waived the defense of lack of standing (*see FCDB FF1 2008-1 Trust v Videjus*, 131 AD3d 1004 [2015]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015]; *Wells Fargo Bank, N.A. v Laviolette*, 128 AD3d 1054, 1055 [2015]; *HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]; *Bank of N.Y. v Cepeda*, 120 AD3d at 453).

The Supreme Court also erred in, sua sponte, directing the dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Deutsche Bank Natl. Trust Co. v Martin*, 134 AD3d 665 [2015]; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]; *FCDB FF1 2008-1 Trust v Videjus*, 131 AD3d at 1004). Here, the Supreme Court's on-the-record statements that the plaintiff's former attorneys had engaged in acts of misconduct in

unrelated foreclosure actions did not constitute an extraordinary circumstance warranting sua sponte dismissal of the instant case. We note in this regard that the Supreme Court did not identify any act of misconduct in the instant case, and instead indicated that it had instituted a policy of dismissing every case initiated by the plaintiff's former attorneys. Under these circumstances, we deem it appropriate to remit this matter for further proceedings before a different Justice. Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.