■ LOANCARE, a Division of FNF Servicing, Inc., Appellant, v ANTONIA E. CARTER et al., Defendants. [31 NYS3d 564]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 1, 2014, which denied its unopposed motion for an order of reference, to deem the defendants in default, and to amend the caption, and, sua sponte, directed dismissal of the

complaint, without prejudice, and cancellation of the notice of pendency filed against the subject real property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency is deemed an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for an order of reference, to deem the defendants in default, and to amend the caption is granted.

The Supreme Court improperly, sua sponte, directed dismissal of the complaint, without prejudice, and cancellation of the notice of pendency. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Deutsche Bank Natl. Trust Co. v Martin*, 134 AD3d 665 [2015]; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]; *FCDB FF1 2008-1 Trust v Videjus*, 131 AD3d 1004 [2015]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint (*see Deutsche Bank Natl. Trust Co. v Martin*, 134 AD3d at 665; *Nationstar Mtge., LLC v Wong*, 132 AD3d at 825; *Onewest Bank, FSB v Prince*, 130 AD3d 700, 701 [2015]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049).

Moreover, the Supreme Court erred in denying the plaintiff's unopposed motion. The plaintiff demonstrated its entitlement to an order of reference by producing the mortgage, unpaid note, and evidence of default (*see US Bank N.A. v Smith*, 132 AD3d 848, 850 [2015]; *Bank of N.Y. v Stein*, 130 AD3d 552, 552-553 [2015]; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]). The plaintiff also submitted proof that none of the defendants had appeared or answered the complaint (*see U.S. Bank N.A. v Gulley*, 137 AD3d 1008 [2016]). Additionally, it demonstrated that the caption should be amended (*see* CPLR 1024; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.