■ HSBC BANK USA, Appellant, v MARIE ANGELES et al., Defendants. [38 NYS3d 580]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Jacobson, J.), dated September 11, 2009, which denied its motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, to amend the caption to substitute Roxana Haerta, Senaida Haerta, and Margarita Garcia as defendants in place of the John Doe defendants, and to amend the caption to substitute Midland Credit Management, Inc., as a defendant in place of the defendant Midland Funding NCC-2 Corp. and, sua sponte, directed dismissal of the complaint, and (2) an order of the same court dated August 12, 2013, which, in effect, denied its motion for leave to renew its prior motion.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated September 11, 2009, as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated September 11, 2009, is reversed, on the law, without costs or disbursements, the plaintiff's motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, to amend the caption to substitute Roxana Haerta, Senaida Haerta, and Margarita Garcia as defendants in place of the John Doe defendants, and to amend the caption to substitute Midland Credit Management, Inc., as a defendant in place of the defendant Midland Funding NCC-2 Corp., is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice; and it is further,

Ordered that the appeal from the order dated August 12, 2013, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated September 11, 2009.

In December 2006, the defendant Marie Angeles executed a 30-year, interest only, adjustable rate note in the principal sum of $508,000 and a mortgage on certain real property located in Brooklyn. Beginning in April 2007, Angeles defaulted on her payment obligations under the note and mortgage. In August 2007, the plaintiff commenced this mortgage foreclosure action naming Angeles and others, including "John Doe," as defendants. Neither Angeles nor any of the other defendants appeared or answered the complaint. In November 2007, the plaintiff moved for an order of reference, for leave to enter a default judgment against the defendants, and to amend the caption. In support of the motion, the plaintiff submitted the affidavit of China Brown, vice president of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A., was the plaintiff's attorney-in-fact. Brown stated that she reviewed the plaintiff's business records and, based upon her personal knowledge, she attested to and verified the truth of the allegations set forth in the complaint. Specifically, she stated, inter alia, that the loan was in default as of April 1, 2007, the principal balance due and owing was $508,000, that any required notice of default had been sent, that all of the necessary parties had been served, and that the time to answer had expired. Also annexed to the plaintiff's motion were copies of the limited power of attorney dated July 19,

2004, from the plaintiff to Wells Fargo Bank, N.A., the note and mortgage, the demand letter sent to Angeles dated July 2, 2007, the summons and complaint, and the affidavits of service. In an order dated September 11, 2009, the Supreme Court denied the motion and, sua sponte, directed dismissal of the complaint. In an order dated August 12, 2013, the Supreme Court, in effect, denied the plaintiff's motion for leave to renew its prior motion. The plaintiff appeals from both orders.

The Supreme Court erred in denying the plaintiff's motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and to amend the caption. The plaintiff demonstrated its entitlement to an order of reference and a default judgment by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the causes of action, including that it was the holder of the note and mortgage and that Angeles defaulted on her payment obligations, and proof that neither she nor any of the other defendants had otherwise appeared or answered the complaint within the time allowed (*see* RPAPL 1321 [1]; CPLR 3215 [f]; *HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009 [2016]; *Loancare v Carter*, 139 AD3d 817 [2016]; *TCIF REO GCM, LLC v Walker*, 139 AD3d 704 [2016]; *U.S. Bank N.A. v Gulley*, 137 AD3d 1008 [2016]). Moreover, by failing to answer the complaint or make a pre-answer motion to dismiss the complaint, Angeles waived the defense of lack of standing (*see U.S. Bank N.A. v Gulley*, 137 AD3d at 1009).

The Supreme Court also erred in, sua sponte, directing dismissal of the complaint. " 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (*Loancare v Carter*, 139 AD3d at 818, quoting *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank N.A. v Gulley*, 137 AD3d at 1009; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint (*see Loancare v Carter*, 139 AD3d at 818). Under the circumstances of this case, we remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice.

In light of our determination, the appeal from the order, in effect, denying the plaintiff's motion for leave to renew has been rendered academic (*see U.S. Bank N.A. v Carey*, 137 AD3d 894, 896 [2016]). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.