■ US BANK NATIONAL ASSOCIATION, Appellant, v NAOMI SINGER et al., Respondents, et al., Defendants. [44 NYS3d 472]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated October 4, 2012, which denied that branch of its motion which was for an order of reference and granted the cross motion of the defendants Naomi Singer and Darren Singer pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Cross motion by the defendants Naomi Singer and Darren Singer to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 27, 2015, the cross motion to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion to dismiss the appeal and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the cross motion which is to dismiss the appeal from so much of the order as granted the cross motion of the defendants Naomi Singer and Darren Singer pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is granted, and the cross motion to dismiss the appeal is otherwise denied; and it is further,

Ordered that the appeal from so much of the order as granted the cross motion of the defendants Naomi Singer and Darren Singer pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was for an order of reference is granted, and so much of a subsequent order of the same court dated May 13, 2014, as, upon reargument, adhered to the determination in the order dated October 4, 2012, denying the plaintiff's motion for an order of reference is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage on residential property located in Brooklyn, which is owned by Naomi Singer and Darren Singer (hereinafter together the defendants). After the defendants failed to answer the complaint, the plaintiff moved, inter alia, for an order of reference. The defendants cross-moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In the order appealed from, the Supreme Court denied that branch of the plaintiff's motion which was for an order of reference and granted the defendants' cross motion. Subsequently, in an order dated May 13, 2014, the Supreme Court, upon reargument, adhered to its original determination denying that branch of the plaintiff's motion which was for an order of reference, vacated its original determination granting the defendants' cross motion to dismiss the complaint insofar as asserted against them and, thereupon, denied the cross motion.

The appeal from so much of the order as granted the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them has been rendered academic by so much of the· subsequent order dated May 13, 2014, as, upon reargument, vacated the original determination granting the cross motion to dismiss the complaint and, thereupon, denied that cross motion.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for an order of reference. The plaintiff demonstrated its entitlement to an order of reference by producing the mortgage, the unpaid note, an affidavit of merit by an employee of the loan servicer stating that the plaintiff was the holder of the note and the mortgagee of record, and that the borrowers defaulted under the note and· mortgage by failing to make the payment due June 1, 2009, and subsequent payments, along with a power of attorney

demonstrating the loan servicer's authority to act on the plaintiff's behalf (see *Loancare v Carter*, 139 AD3d 817, 818 [2016]; *U.S. Bank N.A. v Gulley*, 137 AD3d 1008, 1009 [2016]; *US Bank N.A. v Smith*, 132 AD3d 848, 850 [2015]; *Bank of N.Y. v Stein*, 130 AD3d 552, 552-553 [2015]). The plaintiff also submitted proof that the defendants failed to appear or answer the complaint (see *Loancare v Carter*, 139 AD3d at 818; *U.S. Bank N.A. v Gulley*, 137 AD3d at 1009). Further, by failing to answer the complaint or make a pre-answer motion to dismiss the complaint, the defendants waived the defense of lack of standing (see *HSBC Bank USA v Angeles*, 143 AD3d 671 [2016]; *U.S. Bank N.A. v Gulley*, 137 AD3d at 1009). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for an order of reference. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.