JOHN T. WALSH ENTERPRISES, LLC, Appellant, v CLARENCE JORDAN et al., Defendants. [60 NYS3d 70]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated April 14, 2016, which denied its unopposed motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and to amend the caption, and, sua sponte, in effect, directed dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and to amend the caption to substitute Jay's Barber Shop, Lisa Thomas, Derwin Jordan, Donna Jordan, James Jordan, Jeffrey Jordan, Danny Idrovo, Amiyah Marin, Janine Jordan, and Delarcus Jones in place of the John Doe defendant is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In December 2005, the plaintiff loaned the sum of $45,000 to the defendant Clarence Jordan (hereinafter the defendant). In exchange for the loan, the defendant executed a note in the principal sum of $45,000 and a mortgage encumbering certain real property in Brooklyn. In a deed dated July 16, 1970, the subject property had been transferred to the defendant and Caroline Jordan, "his wife." However, Caroline Jordan, who died in 1990, was the defendant's mother, not his wife. As a result, contemporaneously with his execution of the note and

mortgage, the defendant also executed, inter alia, a document entitled "Undertaking" whereby he promised to "undertake to obtain 100% title to the premises by no later than June 30, 2006." The undertaking further provided that the failure to do so "may be a default under the loan." On or about January 7, 2007, the defendant defaulted in his payment obligations under the note and mortgage.

On November 1, 2013, the plaintiff commenced this mortgage foreclosure action naming the defendant and others, including "John Doe," as defendants. Neither the defendant nor any of the others appeared or answered the complaint. In August 2014, the plaintiff moved, inter alia, for an order of reference, which motion, according to the plaintiff, later was marked off the calendar. In March 2016, the plaintiff moved for an order of reference, for leave to enter a default judgment against the defendants, and to amend the caption. In support of the motion, the plaintiff submitted, among other things, the affidavit of John T. Walsh, a member of the plaintiff. He attested to the allegations set forth in the complaint, including that the plaintiff loaned $45,000 to the defendant, that the defendant delivered to the plaintiff a note and mortgage, and that the defendant defaulted on his payment obligations thereunder. In an order dated April 14, 2016, the Supreme Court denied the motion on the ground that at the time of the loan, the plaintiff knew that the defendant was not the sole owner of the subject property. In addition, the court, sua sponte, in effect, directed dismissal of the complaint. The plaintiff appeals from the order dated April 14, 2016.

The Supreme Court erred in denying the plaintiff's motion for an order of reference, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and to amend the caption. In support of that branch of its motion which was for an order of reference, the plaintiff submitted the mortgage, the unpaid note, Walsh's affidavit of merit, and proof of the defendant's default thereunder, and demonstrated that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount owed would be proper (see RPAPL 1321; *LaSalle Bank N.A. v Jagoo*, 147 AD3d 746 [2017]; *US Bank N.A. v Singer*, 145 AD3d 1057, 1058 [2016]; *Flagstar Bank, FSB v Jambelli*, 140 AD3d 829 [2016]; *Loancare v Carter*, 139 AD3d 817 [2016]). In support of that branch of its motion which was for leave to enter a default judgment, the plaintiff submitted proof of the facts constituting its claim and that all of the defendants were served and failed to appear or answer the

complaint (*see Bank of Am., N.A. v Agarwal*, 150 AD3d 651 [2017]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739 [2014]). Additionally, the plaintiff demonstrated that the caption should be amended (*see* CPLR 1024; *Loancare v Carter*, 139 AD3d at 818; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]).

The Supreme Court erred in denying the plaintiff's motion on the ground that the defendant was not the sole owner of the subject property. In the deed dated July 16, 1970, the defendant and his mother, incorrectly identified as his wife, took title to the subject property. The law in effect in 1970 provided that a conveyance to two persons as husband and wife who were not, in fact, married to each other, was deemed to create only a tenancy in common (*see* former EPTL 6-2.2 [c]; *Bucci v Bucci*, 125 AD2d 286 [1986]), in which there is no right of survivorship (*see Matter of Carvel*, 2 AD3d 846 [2003]; *Hohenrath v Wallach*, 37 AD2d 248 [1971]). It was not until 1975 that the New York Legislature amended the statute to provide that under such circumstances, a joint tenancy would be created (*see* L 1975, ch 263). Then, in 1995, the Legislature redesignated EPTL 6-2.2 (c) as 6.2.2 (d) (*see* L 1995, ch 480).

Contrary to the Supreme Court's determination, while the defendant may not have been the sole owner of the subject property at the time of the loan, he was still able to mortgage the subject property to the extent of his interest therein, since " '[a] mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the mortgagee security, but only up to the interest of the mortgagor' " (*1.2.3. Holding Corp. v Exeter Holding, Ltd.*, 72 AD3d 1040, 1042 [2010], quoting *CitiFinancial Co. [DE] v McKinney*, 27 AD3d 224, 226-227 [2006]). "[T]here is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]).

The Supreme Court also erred in, sua sponte, in effect, directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see LaSalle Bank N.A. v Jagoo*, 147 AD3d at 746; *HSBC Bank USA v Angeles*, 143 AD3d 671 [2016]; *Loancare v Carter*, 139 AD3d at 818; *Deutsche Bank Natl. Trust Co. v Rauf*, 139 AD3d

789, 790 [2016]; *U.S. Bank N.A. v Gulley*, 137 AD3d 1008, 1009-1010 [2016]). Here, the court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint (*see HSBC Bank USA v Angeles*, 143 AD3d at 673). Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.