Appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 20, 2016. The order, insofar as appealed from, granted those branches of the plaintiff’s motion which were for an order of reference and for leave to enter a default judgment against the defendant Jacob Hasis, and denied that defendant’s cross motion pursuant to CPLR 3215 (c) and RPAPL 1304 and 1306 to dismiss the complaint insofar as asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In January 2011, the plaintiff commenced this action to foreclose a mortgage on residential property located in Queens. The defendant Jacob Hasis (hereinafter the defendant) failed to appear or answer the complaint. In June 2011, the plaintiff’s counsel filed the affirmation required by Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts (see generally Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065 [2016]).
 

 By letter dated July 1, 2011, the Supreme Court advised the defendant of a residential foreclosure conference in August. The plaintiff’s counsel appeared for the conference, but the defendant failed to appear. By order dated August 10, 2011, the court directed the matter to proceed by “Order of Reference/ Motion.”
 

 In December 2011, the plaintiff’s present counsel was substituted for its former counsel, who had ceased its operations. On September 10, 2012, the defendant filed for bankruptcy. In November 2014, after the defendant was granted a discharge in the bankruptcy court, the plaintiff moved, inter alia, for an order of reference and for leave to enter a default judgment against the defendant. The defendant cross-moved, pursuant to CPLR 3215 (c) and RPAPL 1304 and 1306 to dismiss the complaint insofar as asserted against him. The Supreme Court granted those branches of the plaintiffs motion, denied the defendant’s cross motion, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals.
 

 CPLR 3215 (c) provides that “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed” (CPLR 3215 [c]; see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844 [2017]). “It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)” (US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; see Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813 [2015]; Jones v Fuentes, 103 AD3d 853 [2013]), and a plaintiff is not even required to specifically seek a default judgment within a year (see Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072 [2016]). “[A]s long as ‘proceedings’ are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal” (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999] [internal quotation marks omitted]; see CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1094 [2016]; Wells Fargo Bank, N.A. v Daskal, 142 AD3d at 1073).
 

 Here, there was a substantial delay in proceeding toward the entry of a default judgment against the defendant. Significantly, on August 10, 2011, the case was released from the residential foreclosure conference part and the Supreme Court directed that the matter proceed by “Order of Reference/Motion.” Approximately 13 months elapsed from that date until the defendant filed for bankruptcy on September 10, 2012, and the plaintiff did not move for an order of reference or take any other steps toward the entry of judgment during those 13 months (cf. Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813).
 

 However, “ [f] ailure to take proceedings for entry of judgment may be excused . . . upon a showing of sufficient cause,” which requires the plaintiff to “demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action” (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764 [2015]; see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [2016]). Under the circumstances present here, including the closure of the law firm that previously represented the plaintiff and a Chapter 7 bankruptcy filing by the defendant, we agree with the Supreme Court that the plaintiff showed a reasonable excuse for its delay in proceeding toward a default judgment (see generally Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d 793, 794 [2016]; cf. HSBC Bank USA, N.A. v Grella, 145 AD3d at 671-672).
 

 The plaintiff demonstrated both a potentially meritorious cause of action and its entitlement to an order of reference and a default judgment by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, including the note and mortgage and evidence of the defendant’s default on his payment obligations, and proof of the defendants’ failure to appear or answer the complaint (see RPAPL 1321; CPLR 3215 [f]; State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d 1035, 1037 [2017]; HSBC Bank USA v Angeles, 143 AD3d 671, 673 [2016]; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1011 [2016]; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009 [2016]).
 

 Further, because the defendant never moved to vacate his default in appearing or answering the complaint, he is precluded from raising the plaintiff’s alleged failure to comply with RPAPL 1306 and the notice provisions of RPAPL 1304 as a defense to this action (see Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830 [2016]; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704 [2015]; cf. Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813).
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for an order of reference and for leave to enter a default judgment against the defendant, and denied the defendant’s cross motion pursuant to CPLR 3215 (c) and RPAPL 1304 and 1306 to dismiss the complaint insofar as asserted against him.
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.