In an action to foreclose a mortgage, the defendants Samuel L. Gowrie, Heather Gowrie, Sherwin Gowrie, and Simone Gowrie appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Velasquez, J.), dated February 26, 2015, as granted those branches of the plaintiff’s motion which were to vacate a prior order of reference of the same court (Agate, J.) dated July 10, 2009, to vacate a judgment of foreclosure and sale of the same court (Agate, J.) dated November 4, 2009, and for a new order of reference.
 

 Ordered that the order dated February 26, 2015, is affirmed insofar as appealed from, with costs.
 

 Contrary to the appellants’ contention, the Supreme Court providently exercised its discretion in granting those branches of the plaintiffs motion which were to vacate a prior order of reference and a judgment of foreclosure and sale (see CPLR 5015 [a] [5]; Bank of N.Y. Mellon v Casale, 140 AD3d 682, 682 [2016]; Bank of N.Y. v Stein, 130 AD3d 552, 552 [2015]). The plaintiff also was entitled to a new order of reference, since, in support of its motion, it submitted the mortgage, the underlying unpaid note, the complaint setting forth the facts establishing the claim, and an affidavit attesting to the default on the mortgage (see US Bank N.A. v Singer, 145 AD3d 1057, 1058 [2016]; Bank of N.Y. Mellon v Casale, 140 AD3d at 682; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1108 [2016]; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009 [2016]; Bank of N.Y. v Stein, 130 AD3d at 552).
 

 On a prior appeal, this Court affirmed an order denying the appellants’ motion pursuant to CPLR 5015 (a) (1) to vacate their default in answering the complaint (see Bank of Am., N.A. v Gowrie, 106 AD3d 677 [2013]). Contrary to the appellants’ contention, since they defaulted in answering the complaint and failed to demonstrate grounds for vacating their default, they are precluded from asserting, in essence, the plaintiff’s lack of standing as a basis for denial of that branch of the plaintiff’s motion which was for a new order of reference (cf. Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1068 [2016]).
 

 The appellants’ remaining contentions are without merit.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.