Appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 27, 2016, and (2) an order of that court entered May 2, 2016. The orders, insofar as appealed from, granted those branches of the plaintiff’s motion which were for an order of reference and, in effect, for leave to enter a default judgment against the defendant Sharat Kumra.
 

 Ordered that the appeal from the order entered April 27, 2016, is dismissed, as that order was superseded by the order entered May 2, 2016; and it is further,
 

 Ordered that the order entered May 2, 2016, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 On April 9, 2010, the plaintiff commenced this action to foreclose a mortgage. On April 13, 2010, the defendant Sharat Kumra (hereinafter the defendant) was personally served with process. The defendant did not interpose an answer. From September 3, 2010, until August 28, 2012, mandatory foreclosure settlement conferences were held. On August 28, 2012, the case was released from the foreclosure settlement conference part after the defendant failed to appear at a conference scheduled on that date. Less than a year later, on February 19, 2013, the Supreme Court denied the defendant’s motion to vacate his default in appearing at the August 28, 2012, foreclosure settlement conference and to restore the matter to the foreclosure settlement conference part. On November 22, 2013, the court denied the defendant’s motion for leave to reargue.
 

 In October 2014, the plaintiff moved for an order of reference and, in effect, for leave to enter a default judgment against the defendant. The Supreme Court denied the motion but granted leave to renew within 60 days. The plaintiff, inter alia, renewed its motion. The defendant opposed the renewed motion, arguing that the action should be dismissed as abandoned pursuant to CPLR 3215 (c) and that the plaintiff failed to demonstrate its compliance with RPAPL 1304. The court granted those branches of the plaintiff’s motion which were for an order of reference and, in effect, for leave to enter a default judgment against the defendant. The defendant appeals.
 

 “ ‘[F]ailure to take proceedings for entry of judgment may be excused . . . upon a showing of sufficient cause,’ which requires the plaintiff to ‘demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action’ ” (HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833 [2017], quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764 [2015]; see CPLR 3215 [c]). Under the circumstances presented, the plaintiff established a reasonable excuse for its failure to timely initiate proceedings for a default judgment (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [2017]; LNV Corp. v Forbes, 122 AD3d 805, 806 [2014]). Moreover, the plaintiff demonstrated a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981 [2015]) and its entitlement to an order of reference and a default judgment (see HSBC Bank USA, N.A. v Hasis, 154 AD3d at 834). Contrary to the defendant’s contention, dismissal pursuant to CPLR 3215 (c) was not mandated on the ground that the plaintiff failed to renew its first motion for an order of reference and, in effect, for leave to enter a default judgment within 60 days, in compliance with the court’s order.
 

 The parties’ remaining contentions are either without merit or not properly before this Court.
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for an order of reference and, in effect, for leave to enter a default judgment against the defendant.
 

 Rivera, J.P., Chambers, Duffy and Ian-nacci, JJ., concur.