Countrywide Home Loans, Inc. v Campbell (2018 NY Slip Op 05749)





Countrywide Home Loans, Inc. v Campbell


2018 NY Slip Op 05749


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-06550
 (Index No. 7715/08)

[*1]Countrywide Home Loans, Inc., appellant, 
v
Khalid Campbell, respondent, et al., defendants.


Sandelands Eyet, LLP, New York, NY (Laurence P. Chirch of counsel), for appellant.
Abraham Hoschander, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 28, 2016. The order, in effect, denied the plaintiff's motion for leave to enter a default judgment, for an order of reference, and to amend the caption, and, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to enter a default judgment, for an order of reference, and to amend the caption; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2008, the plaintiff commenced this action to foreclose a mortgage against the defendant Khalid Campbell (hereinafter the defendant), among others. The defendant failed to appear or answer the complaint. In July 2008, the plaintiff moved, inter alia, for an order of reference, and the Supreme Court denied that motion with leave to renew. In January 2015, the plaintiff moved for leave to enter a default judgment, for an order of reference, and to amend the caption. In the order appealed from, the court, in effect, denied the motion and, sua sponte, directed dismissal of the complaint. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665 [internal quotation marks omitted]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting a sua sponte dismissal of the complaint (see id. at 665; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817; NYCTL 2008-A Trust v Estate of Locksley Holas, 93 AD3d 650, 651). The plaintiff's alleged failure to satisfy a condition precedent in the mortgage by failing to provide the defendant with 30 days' written notice of his default in making mortgage payments, even if true, did not deprive the court of jurisdiction to enter [*2]a judgment of foreclosure and sale (see Deutsche Bank Trust Co. Ams. v Shields, 116 AD3d 653, 654; Signature Bank v Epstein, 95 AD3d 1199, 1201; see also PHH Mtge. Corp. v Muricy, 135 AD3d 725, 727).
To the extent that the Supreme Court addressed the issue of the plaintiff's standing in the order appealed from, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (see U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048-1049). Moreover, since the defendant defaulted in appearing or answering the complaint, and failed to move to vacate his default, he is precluded from asserting lack of standing as a defense (see First Franklin Fin. Corp. v Alfau, 157 AD3d 863).
Since the Supreme Court did not consider the merits of the plaintiff's motion, the matter must be remitted to the Supreme Court, Kings County, for a determination of the plaintiff's motion on the merits (see Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d at 665).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court