Citimortgage, Inc. v Gill (2018 NY Slip Op 06512)





Citimortgage, Inc. v Gill


2018 NY Slip Op 06512


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11952
 (Index No. 1943/14)

[*1]Citimortgage, Inc., appellant, 
v
John J. Gill, etc., et al., defendants.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated May 19, 2016. The order denied the plaintiff's ex parte motion for an order of reference.
ORDERED that on the Court's own motion, the appeal from the order is deemed an application pursuant to CPLR 5704(a) to vacate the order and to grant the plaintiff's ex parte motion; and it is further,
ORDERED that the application pursuant to CPLR 5704(a) is granted and the plaintiff's ex parte motion for an order of reference is granted.
On or about September 9, 2014, the plaintiff commenced this action to foreclose a mortgage against the defendant John Gill (hereinafter the defendant), among others. The defendant failed to appear or answer the complaint. On or about August 14, 2015, the plaintiff moved, ex parte, for an order of reference. The Supreme Court denied the motion.
The plaintiff established its entitlement to an order of reference based on its submission of the mortgage, the unpaid note, the complaint, other proof setting forth the facts establishing the claim, an affidavit of an individual authorized to act on its behalf attesting to the default on the note, and proof that the defendant failed to answer within the time allowed (see RPAPL 1321; Household Fin. Realty Corp. of N.Y. v Adeosun-Ayegbusi, 156 AD3d 870, 871; John T. Walsh Enters., LLC v Jordan, 152 AD3d 755, 756; LaSalle Bank N.A. v Jagoo, 147 AD3d 746, 746). The Supreme Court should not have sua sponte raised the issue of the plaintiff's standing, since the defendant failed to appear or answer or move to vacate his default (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 969; JPMorgan Chase Bank, N.A. v Comfort Boampong, 145 AD3d 981, 983; HSBC Bank USA v Angeles, 143 AD3d 671, 673).
Accordingly, the Supreme Court should have granted the plaintiff's ex parte motion for an order of reference.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court