HSBC Bank USA, N.A. v Masters (2019 NY Slip Op 07389)





HSBC Bank USA, N.A. v Masters


2019 NY Slip Op 07389


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12763
 (Index No. 15606/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
James Masters, etc., appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant James Masters appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 30, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an order of reference and, in effect, denied the cross motion of the defendant James Masters for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 30, 2005, the defendant James Masters executed a note in the sum of $430,000 in favor of Fremont Investment & Loan. The note was secured by a mortgage on certain real property located in Seaford. The mortgage was subsequently assigned to the plaintiff. In August 2009, the plaintiff commenced this action to foreclose the mortgage. Masters defaulted in answering the complaint. On June 1, 2012, the case was marked "disposed" due to inactivity.
Thereafter, on January 12, 2016, the plaintiff moved, inter alia, to restore the action to the calendar and for an order of reference pursuant to RPAPL 1321. In support of its motion, the plaintiff submitted, among other things, the mortgage, the unpaid note, which was endorsed in blank, the assignment of the mortgage to the plaintiff, the complaint, the affidavit of a representative of its servicing agent attesting to Masters's default, and evidence that Masters failed to answer the complaint within the time allowed. Masters opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered August 30, 2016, the Supreme Court granted the plaintiff's motion and, in effect, denied Masters's cross motion. Masters appeals from so much of the order as granted that branch of the plaintiff's motion which was for an order of reference and, in effect, denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
In opposition to the plaintiff's motion and in support of his cross motion, Masters argued that the plaintiff failed to establish standing and its compliance with RPAPL 1304 and the condition precedent contained in paragraph 22 of the mortgage, which required service of a specified notice of default. However, "[t]o successfully oppose a facially adequate motion for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a [*2]reasonable excuse for the delay and a potentially meritorious defense to the action" (US Bank N.A. v Ashraf, 171 AD3d 983, 983, citing Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027; see 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1293). Here, Masters failed to allege that he had a reasonable excuse for his default and, therefore, the Supreme Court was not required to determine whether Masters presented a potentially meritorious defense (see US Bank N.A. v Ashraf, 171 AD3d at 983; Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1027; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858). Furthermore, since Masters defaulted in answering the complaint and failed to move to vacate his default, he is precluded from asserting lack of standing as a defense (see HSBC Mtge. Servs., Inc. v Alphonso, 163 AD3d 934, 936; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817).
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for an order of reference and, in effect, denying Masters's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court