SAXON MORTGAGE SERVICES, INC., Respondent, v CARRIE COAKLEY, Appellant, et al., Defendants. [921 NYS2d 552]—

In an action to foreclose a mortgage, the defendant Carrie Coakley appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Emerson, J.), entered December 16, 2009, which, inter alia, directed the sale of the subject premises.

Ordered that the judgment is affirmed, with costs.

In August 2005 Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as lawful holder of the promissory note and mortgage, commenced this action to foreclose the subject mortgage entered into by the defendant Carrie Coakley. In May 2006 MERS assigned the mortgage to FV-1 and, thereafter, the mortgage was assigned approximately three more times before it was ultimately assigned to the plaintiff Saxon Mortgage Services, Inc. (hereinafter Saxon), in July 2008.

In September 2008 MERS moved, inter alia, pursuant to CPLR 1018 and 1021 to substitute Saxon in its place as the plaintiff. The defendant opposed the motion, arguing, among other things, that MERS lacked the authority to assign the mortgage to FV-1 initially and, thus, that Saxon could not have become a later valid assignee. The Supreme Court granted MERS' motion, determining that Saxon was the holder of both the note and mortgage. Thereafter, a judgment of foreclosure and sale was entered in Saxon's favor in December 2009.

In a prior decision and order of this Court dated June 19, 2007, we held that, at the time this action was commenced, MERS was the lawful holder of the promissory note and the mortgage (*see Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). Contrary to the defendant's contention, MERS was free to assign the note and mortgage, absent any language which expressly prohibited the assignment (*see Matter of Stralem*, 303 AD2d 120, 122 [2003]).

The defendant's remaining contentions are without merit. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.