■ U.S. BANK NATIONAL ASSOCIATION, as Trustee for MASTR ASSET BACKED SECURITIES TRUST, 2006-WMC2, Appellant, v SHAWN NORGRIFF et al., Respondents. [15 NYS3d 803]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Saitta, J.), dated December 1, 2009, which denied its unopposed motion for leave to enter judgment against the defendant Shawn Norgriff upon his failure to appear or answer the complaint, for an order of reference, and for leave to amend the caption, and (2) an order of the same court dated October 15, 2013, which denied its renewed, unopposed motion for the same relief.

Ordered that the order dated December 1, 2009, is reversed, on the law, without costs or disbursements, the plaintiff's motion for leave to enter judgment against the defendant Shawn Norgriff upon his failure to appear or answer the complaint, for an order of reference, and for leave to amend the caption is granted, and the order dated October 15, 2013, is vacated; and it is further,

Ordered that the appeal from the order dated October 15, 2013, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated December 1, 2009.

On February 28, 2006, the defendant Shawn Norgriff executed a note evidencing his obligation to repay the sum of $504,000 to WMC Mortgage Corp. (hereinafter WMC). The note was secured by a mortgage dated February 28, 2006, executed by Norgriff, on certain premises located in Brooklyn, in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for WMC. The mortgage provided that MERS, as nominee for WCM, had the right to exercise any or all rights in the subject property granted by the borrower in the mortgage, "including, but not limited to, the right to foreclose and sell the Property."

Following Norgriff's failure to make mortgage payments, the plaintiff, the assignee of the mortgage, commenced this action to foreclose the mortgage against Norgriff and others, including "John Doe #1" through "John Doe #10." The defendants failed to appear or answer the complaint. The plaintiff moved for leave to enter judgment against Norgriff upon his failure to

appear or answer the complaint, for an order of reference, and for leave to amend the caption to delete the defendants sued as "John Doe #1" through "John Doe #10." The Supreme Court denied the unopposed motion, concluding that there was no evidence submitted by the plaintiff that WCM granted authority to MERS to assign its mortgage. The plaintiff thereafter filed a renewed motion for the same relief, which the court also denied. The plaintiff appeals.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for an order of reference. In support of its motion, the plaintiff submitted documentary proof showing that Norgriff failed to appear or answer the complaint within the time allowed, that it was the holder of the mortgage and note, that Norgriff defaulted thereon, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper (see RPAPL 1321; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2015]; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225 [2014]; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816 [2013]; Bank of N.Y. v Alderazi, 99 AD3d 837, 837-838 [2012]; Aurora Loan Servs., LLC v Shahmela Shah Sookoo, 92 AD3d 705, 707 [2012]; Emigrant Mtge. Co., Inc. v Fisher, 90 AD3d 823, 824 [2011]). Contrary to the Supreme Court's determination, by the terms of the mortgage, which was submitted by the plaintiff in support of its motion, WCM granted MERS authority to assign its mortgage (see Saxon Mtge. Servs., Inc. v Coakley, 83 AD3d 1038, 1039 [2011]). Moreover, the plaintiff established that it had standing to maintain this action by demonstrating that it was in possession of the original note prior to the commencement of this action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).

The Supreme Court also erred in denying that branch of the plaintiff's unopposed motion which was for leave to enter judgment against the defendants. By submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof of Norgriff's failure to answer or appear, the plaintiff demonstrated its entitlement to a default judgment against Norgriff (see CPLR 3215 [f]; HSBC Bank USA, N.A. v Alexander, 124 AD3d at 839; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740 [2014]; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806 [2013]; Loaiza v Guzman, 111 AD3d 608, 609 [2013]).

Finally, the plaintiff demonstrated that the caption should be amended (see CPLR 1024; HSBC Bank USA, N.A. v Alexan-

*der*, 124 AD3d at 840; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's unopposed motion which was for leave to amend the caption. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.