■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for GSAA EQUITY TRUST 2006-13, Appellant, v MOHAMMED A. RAUF et al., Defendants. [29 NYS3d 811]—

In an action to foreclose a mortgage, the plaintiff appeals, by permission, from an order of the Supreme Court, Queens County (Hart, J.), entered January 26, 2015, which, in effect, denied its unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale and, sua sponte, directed the dismissal of the complaint without prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure of sale is granted.

A plaintiff seeking a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215 [f]; *Deutsche Bank Natl. Trust Co. v Patrick*, 136 AD3d

970 [2016]; *Deutsche Bank Natl. Trust Co. v Kuldip*, 136 AD3d 969 [2016]; *U.S. Bank N.A. v Wolnerman*, 135 AD3d 850 [2016]). Here, the plaintiff met that burden in connection with its motion to confirm a referee's report and for a judgment of foreclosure and sale. The defendant mortgagor, who never appeared or answered, did not oppose that motion.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank N.A. v Gulley*, 137 AD3d 1008 [2016]). Here, there were no such extraordinary circumstances warranting dismissal of the complaint sua sponte. Moreover, the ground relied upon by the Supreme Court for dismissal—the supposedly defective subscribing of the complaint—was erroneous because the summons and complaint were in fact signed by counsel (*see* 22 NYCRR 130-1.1a [a]).

Accordingly, the Supreme Court should have granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.