■ State of New York Mortgage Agency, Appellant, v Zev Linkenberg et al., Respondents, et al., Defendants. [55 NYS3d 126]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated October 28, 2014, which granted the motion of the defendants Zev Linkenberg and Chanie Linkenberg, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned and denied its cross motion, inter alia, pursuant to

CPLR 3215 (f) for a judgment of foreclosure and sale upon those defendants' failure to timely answer or appear.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants Zev Linkenberg and Chanie Linkenberg, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned is denied, and the plaintiff's cross motion, inter alia, pursuant to CPLR 3215 (f) for a judgment of foreclosure and sale is granted.

Zev Linkenberg and Chanie Linkenberg (hereinafter together the defendants) executed a note dated October 24, 1985, in the sum of $85,500 in favor of Savings Bank of Rockland County, which was secured by a mortgage on residential property located in Monsey. By written assignment of mortgage dated October 24, 1985, the note was assigned to State of New York Mortgage Agency (hereinafter the plaintiff). The mortgage was recorded on October 25, 1985.

In July 2008, the plaintiff commenced this action to foreclose the mortgage. After the defendants failed to answer the complaint, on November 18, 2009, the Supreme Court granted the plaintiff's ex parte motion for an order of reference. In February 2010, the plaintiff moved for a judgment of foreclosure and sale but later withdrew the motion, and the matter was sent to the foreclosure settlement part.

In a letter to the defendants dated July 8, 2014, the plaintiff's new attorneys enclosed a copy of the summons and advised that CPLR 3215 required that the plaintiff send them a copy of the summons at least 20 days prior to entry of judgment. Subsequently, the defendants moved, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned. The plaintiff cross-moved, inter alia, pursuant to CPLR 3215 (f) for a judgment of foreclosure and sale upon the defendants' failure to timely answer or appear. By order dated October 28, 2014, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. We reverse.

CPLR 3215 (c) states, in pertinent part: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215 (c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default (see *HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009, 1010 [2016]; *Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 773 [2016]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 469

[2015]; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812, 813 [2015]). Nor is a plaintiff required to specifically seek the entry of a judgment within one year. As long as "proceedings" are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d at 773; *US Bank N.A. v Dorestant*, 131 AD3d at 469). Taking the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the defendant's default is sufficient to timely initiate proceedings for entry of judgment pursuant to CPLR 3215 (c) (*see Wells Fargo Bank, N.A. v Daskal*, 142 AD3d 1071, 1073 [2016]; *HSBC Bank USA, N.A. v Traore*, 139 AD3d at 1010; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d at 813).

Here, the plaintiff timely moved for an order of reference within a year of the defendants' default. Accordingly, the Supreme Court erred in granting the defendants' motion, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned.

The Supreme Court also erred in denying the plaintiff's cross motion, inter alia, pursuant to CPLR 3215 (f) for a judgment of foreclosure and sale. The plaintiff demonstrated its entitlement to a default judgment by submitting proof of the service of the summons and complaint, proof of the facts constituting the cause of action, and proof that the defendants failed timely to answer or appear (*see* CPLR 3215 [f]; *HSBC Bank USA v Angeles*, 143 AD3d 671, 673 [2016]; *HSBC Bank USA, N.A. v Traore*, 139 AD3d at 1011; *Deutsche Bank Natl. Trust Co. v Rauf*, 139 AD3d 789, 790 [2016]). In opposition, the defendants failed to make the requisite showing that they did not default or that they had a reasonable excuse for their default in answering or appearing (*see HSBC Bank USA, N.A. v Traore*, 139 AD3d at 1011). Chambers, J.P., Cohen, Maltese and Barros, JJ., concur.