Appeal from an order of the Supreme Court, Kings County (Francois Rivera, J.), dated September 18, 2015. The order denied the plaintiff’s unopposed motion for an order of reference and to deem all defendants who failed to appear or answer in default.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff’s unopposed motion for an order of reference and to deem all defendants who failed to appear or answer in default is granted.
 

 In April 2013, the plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendants Linda M. Lilley and Willie Lilley (hereinafter together the defendants), alleging that they had defaulted on their payment obligations. The defendants failed to appear or answer the complaint. In January 2014, within one year of the defendants’ default, the plaintiff moved, ex parte, for an order of reference, to deem all the defendants who failed to appear or answer in default, and to amend the caption. The defendants neither opposed the motion nor cross-moved for relief. In December 2014, the Supreme Court denied, without prejudice, those branches of the motion which were for an order of reference and to deem all the defendants who failed to appear or answer in default, and granted that branch of the motion which was to amend the caption.
 

 In July 2015, the plaintiff again moved for an order of reference and to deem all the defendants who failed to appear or answer in default. The defendants neither opposed the motion nor cross-moved for relief. In the order appealed from, the Supreme Court denied the plaintiff’s motion “because of delay in making their motion pursuant to CPLR 3215 (c) without sufficient excuse.” The plaintiff appeals.
 

 CPLR 3215 (c) states, in pertinent part: “If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed” (see State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d 1035, 1036 [2017]). To avoid dismissal pursuant to CPLR 3215 (c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default (see State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d at 1036; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010 [2016]; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773 [2016]). As long as “proceedings” are being taken, and those proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be dismissed (see State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d at 1037; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1010-1011; Aurora Loan Servs., LLC v Gross, 139 AD3d at 773). Taking the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the defendant’s default is sufficient to timely initiate proceedings for entry of judgment pursuant to CPLR 3215 (c) (see State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d at 1037; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1010; Aurora Loan Servs., LLC v Gross, 139 AD3d at 773). Here, the plaintiff timely moved for an order of reference within one year of the defendants’ default.
 

 Furthermore, the plaintiff established, prima facie, its entitlement to an order of reference and to deem all defendants who failed to appear or answer in default by submitting the mortgage, the unpaid note, an affidavit of merit of its vice president of loan documentation, the complaint, and evidence that the defendants defaulted on their payment obligations and failed to appear or answer the complaint in the time allowed (see RPAPL 1321; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830 [2016]; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009 [2016]; U.S. Bank N.A. v Norgriff, 131 AD3d 527, 528 [2015]; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226 [2014]).
 

 Accordingly, the Supreme Court erred in denying the plaintiff’s unopposed motion for an order of reference and to deem all the defendants who failed to appear or answer in default.
 

 Chambers, J.P., Miller, Maltese and Connolly, JJ., concur.