Appeal from an order of the Supreme Court, Nassau County (William R. LaMarca, J.), entered October 22, 2009. The order granted the motion of the defendant Raymond Cepeda pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of that court entered September 25, 2006, upon his failure to appear or answer the complaint, and, sua sponte, in effect, directed the dismissal of the complaint.
 

 Ordered that the notice of appeal from so much of the order as, sua sponte, in effect, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Raymond Cepeda pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale is denied.
 

 The plaintiff commenced this action to foreclose a mortgage. The defendant Raymond Cepeda (hereinafter the homeowner) failed to appear or answer the complaint. A judgment of foreclosure and sale was subsequently entered upon his default in answering. The homeowner moved pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale for lack of personal jurisdiction. The homeowner asserted that the plaintiff did not exercise due diligence in attempting to make personal service on him before resorting to affix and mail service pursuant to CPLR 308 (4). The Supreme Court granted the homeowner’s motion, vacated the judgment of foreclosure and sale and, sua sponte, in effect, directed the dismissal of the complaint. We reverse.
 

 Service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with “due diligence” (CPLR 308 [4]; see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760 [2013]; Estate of Waterman v Jones, 46 AD3d 63, 65 [2007]). The term “due diligence,” which is not defined by statute, has been interpreted and applied on a case-by-case basis (see Estate of Waterman v Jones, 46 AD3d at 66).
 

 Here, the affidavit of the process server demonstrated that three visits were made to the homeowner’s residence, each on different days and at different times of the day. The process server also described in detail his unsuccessful attempt to obtain an employment address for the homeowner, including interviewing a neighbor. Under these circumstances, the Supreme Court improperly concluded that the due diligence requirement was not satisfied (see LaSalle Bank N.A. v Hudson, 139 AD3d 811, 811 [2016]; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1048 [2015]; JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777, 777-778 [2015]; Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768 [2013]; JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d 902 [2010]; Lemberger v Khan, 18 AD3d 447, 447-448 [2005]).
 

 Accordingly, the Supreme Court should not have granted the homeowner’s motion pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale.
 

 Furthermore, “[a] court’s power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal” (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see Downey Sav. & Loan Assn., F.A. v Trujillo, 142 AD3d 1040, 1042 [2016]). Given the lack of any extraordinary circumstances present in this case, the sua sponte dismissal of the complaint was improper (see Downey Sav. & Loan Assn., F.A. v Trujillo, 142 AD3d at 1042; Deutsche Bank Natl. Trust Co. v Rauf, 139 AD3d 789, 790 [2016]; Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787, 788 [2016]; Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 785 [2016]; see also Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854 [2016]).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.