MSMJ Realty, LLC v DLJ Mtge. Capital, Inc. (2018 NY Slip Op 00422)





MSMJ Realty, LLC v DLJ Mtge. Capital, Inc.


2018 NY Slip Op 00422


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-02915
 (Index No. 511528/15)

[*1]MSMJ Realty, LLC, appellant, 
v
DLJ Mortgage Capital, Inc., defendant.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Shane Wax, and David Berg of counsel), for appellant.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated March 7, 2016, which denied its unopposed motion, in effect, for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint and, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion, in effect, for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment canceling and discharging of record the subject mortgage.
In June 2006, Michelle Vassallo borrowed the sum of $540,000 from Credit Suisse Financial Corporation (hereinafter Credit Suisse). The loan was evidenced by a note and secured by a mortgage on real property in Brooklyn. Credit Suisse subsequently assigned the note and mortgage to DLJ Mortgage Capital, Inc. (hereinafter DLJ).
In May 2009, DLJ commenced an action against Vassallo and others to foreclose the mortgage (hereinafter the 2009 action). Thereafter, MSMJ Realty, LLC (hereinafter MSMJ), purchased the subject property from Vassallo. In an order dated July 23, 2015, the Supreme Court, after a hearing to determine the validity of service of process, inter alia, directed dismissal of the complaint insofar as asserted against Vassallo for lack of personal jurisdiction.
In September 2015, MSMJ commenced this action pursuant to RPAPL 1501(4) against DLJ to cancel and discharge of record the mortgage. DLJ failed to appear or answer the complaint. Thereafter, MSMJ moved, in effect, for leave to enter a default judgment against DLJ, arguing that the mortgage was unenforceable, since the debt had been accelerated and the six-year limitations period for the commencement of an action to foreclose the mortgage had expired. DLJ [*2]did not oppose the motion. In an order dated March 7, 2016, the Supreme Court denied the motion and, sua sponte, directed dismissal of the complaint, in effect, for failure to state a cause of action. MSMJ appeals, and we reverse.
RPAPL 1501 provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (RPAPL 1501[4]; see JBR Constr. Corp. v Staples, 71 AD3d 952, 953). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Plaia v Safonte, 45 AD3d 747, 748; Koeppel v Carlandia Corp., 21 AD3d 884; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894).
Here, MSMJ demonstrated its entitlement to a default judgment against DLJ by submitting proof of service of the summons and complaint, proof that DLJ failed to timely answer or appear, and proof of the facts constituting the cause of action (see CPLR 3215[f]; HSBC Bank USA v Angeles, 143 AD3d 671, 673; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1011; Deutsche Bank Natl. Trust Co. v Rauf, 139 AD3d 789, 789-790), i.e., that the six-year limitations period expired prior to commencement of the instant action (see U.S. Bank N.A. v Barnett, 151 AD3d 791). The filing of the summons and complaint in the 2009 action was sufficient to accelerate the mortgage (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658). Contrary to the Supreme Court's determination, although a lender may revoke its election to accelerate the mortgage, the dismissal of the prior foreclosure action did not constitute an affirmative act by the lender revoking its election to accelerate, and the record is barren of any affirmative act of revocation occurring during the six-year limitations period subsequent to the initiation of the 2009 action (see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987; Clayton Natl. v Guldi, 307 AD2d 982; EMC Mtge. Corp. v Patella, 279 AD2d at 606; Federal Natl. Mtge. Assn. v Mebane, 208 AD2d at 894).
Accordingly, MSMJ's unopposed motion, in effect, for a default judgment against DLJ should have been granted, and the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment canceling and discharging of record the subject mortgage.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court