Bank United, FSB v Verbitsky (2018 NY Slip Op 08624)





Bank United, FSB v Verbitsky


2018 NY Slip Op 08624


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12918
 (Index No. 12170/08)

[*1]Bank United, FSB, respondent, 
v
Larisa Verbitsky, appellant, et al., defendants.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Thomas A. Hooker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Larisa Verbitsky appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 23, 2016. The order denied that defendant's motion to dismiss the complaint insofar as asserted against her for failure to effect service of process upon her in compliance with a prior order of the same court (Sylvia G. Ash, J.) dated July 20, 2015, and granted the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend, nunc pro tunc, its time to serve her with the summons and complaint until October 15, 2015.
ORDERED that the order dated September 23, 2016, is affirmed, with costs.
The factual history of this case is set forth in the companion appeal (see Bank United, FSB v Verbitsky, __ AD3d ___ [Appellate Division Docket No. 2015-10512; decided herewith]). Insofar as relevant to this appeal, after service of process upon the defendant Larisa Verbitsky (hereinafter the defendant) was found to be defective, the Supreme Court, in an order dated July 20, 2015, directed the plaintiff to effectuate service of process upon the defendant within 60 days of the date of the order, i.e., September 18, 2015. A process server subsequently filed an affidavit of service attesting that, after attempting to effect personal service on the defendant at her residence, service upon the defendant was effectuated pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of her residence on September 17, 2015, and mailing a copy of those documents to her residence on September 22, 2015. Thereafter, the defendant moved to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction on the ground that process was not served within the time allowed in the order dated July 20, 2015, and, in any event, the due diligence requirement was not satisfied. The plaintiff cross-moved pursuant to CPLR 306-b for a second extension of time, nunc pro tunc, until October 15, 2015, to serve the defendant with the summons and complaint. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion, and the defendant appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (CPLR 308[2]). Service [*2]pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]). Since CPLR 308(4) does not define "due diligence," it has been interpreted and applied on a case-by-case basis (see U.S. Bank, N.A. v Cepeda, 155 AD3d 809, 810; Estate of Waterman v Jones, 46 AD3d 63, 66).
Here, the process server's affidavit, which, inter alia, reflects that he made five attempts to effect personal service at the defendant's residence, at different times and on different days when the defendant could reasonably be expected to be home, constituted prima facie evidence of proper service pursuant to CPLR 308(4) (see Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996-997; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; Velez v Forcelli, 152 AD3d 630, 631; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760).
Contrary to the defendant's contention, in light of her attestation, in an affidavit in support of her prior motion, inter alia, to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, that the subject residence was her "only" home and the "only" place where she lived, the process server was not required to make genuine inquiries concerning her whereabouts. Moreover, the defendant failed to submit an affidavit from a person with personal knowledge denying receipt of the summons and complaint or challenging the accuracy of the allegations in the affidavit of service (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; State of New York v Mappa, 78 AD3d 926).
Further, under the circumstances presented, the Supreme Court providently exercised its discretion in granting a second, brief extension of time, in the interest of justice, to serve the defendant with the summons and complaint (see Dhuler v ELRAC, Inc., 118 AD3d 937, 939; Estey-Dorsa v Chavez, 27 AD3d 277, 278).
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court