U.S. Bank, N.A. v Duran (2019 NY Slip Op 05715)





U.S. Bank, N.A. v Duran


2019 NY Slip Op 05715


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-13190
 (Index No. 17224/11)

[*1]U.S. Bank, National Association, etc., respondent,
v
Douglas M. Duran, et al., defendants, Gustavia Home, LLC, etc., nonparty-appellant.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer and Antonio Marano of counsel), for nonparty-appellant.
McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Mitra Paul Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Gustavia Home, LLC, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 26, 2016. The order, insofar as appealed from, denied those branches of the cross motion of Gustavia Home, LLC, which were (1) pursuant to CPLR 1021 for leave to amend the caption and substitute Gustavia Home, LLC, as successor in interest in place of the defendant Mortgage Electronic Registration Systems, Inc., and (2) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross motion of Gustavia Home, LLC, which was pursuant to CPLR 1021 for leave to amend the caption and substitute Gustavia Home, LLC, as successor in interest in place of Mortgage Electronic Registration Systems, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 9, 2011, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Douglas M. Duran and the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). MERS was named in the action as the holder of a subordinate note and mortgage against the subject property and was served with the summons and complaint on December 15, 2011, pursuant to CPLR 311(a)(1). MERS did not answer, appear, or otherwise move with respect to the complaint within the time provided by statute (see CPLR 320[a]). Duran appeared and answered the complaint on May 14, 2012.
The plaintiff thereafter filed a request for judicial intervention and sought a foreclosure settlement conference as mandated by CPLR 3408. The matter was assigned to the Supreme Court's Foreclosure Settlement Conference Part for conferencing, during the pendency of which all motion practice was held in abeyance (see 22 NYCRR 202.12-a[c][7]; U.S. Bank, N.A. v [*2]Dorvelus, 140 AD3d 850, 852). The case ultimately was released from that part on June 8, 2015, after which the plaintiff moved in October 2015 for an order of reference.
On December 23, 2015, the subordinate note and mortgage against the subject property originally held by MERS was assigned to nonparty Gustavia Home, LLC (hereinafter Gustavia). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, for leave to enter a default judgment against those defendants that had not appeared in the action, and for an order of reference. Gustavia cross-moved, inter alia, pursuant to CPLR 1021 for leave to amend the caption and to substitute Gustavia as successor in interest in place of MERS, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. The Supreme Court denied Gustavia's cross motion in its entirety. Gustavia appeals.
"Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (CPLR 1018). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021). Here, the Supreme Court improvidently exercised its discretion in denying that branch of Gustavia's cross motion which was for leave to amend the caption and to substitute Gustavia as successor in interest in place of MERS. Gustavia submitted evidence demonstrating that the subordinate note was in its possession at the time of its cross motion and that the subordinate mortgage was assigned to it following commencement of the action. Thus, it was established that Gustavia, rather than MERS, was the real defendant in interest. The branch of Gustavia's cross motion which was for leave to amend the caption and to substitute Gustavia as successor in interest in place of MERS should, therefore, have been granted, and the caption amended accordingly (see Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 967; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; Aurora Loan Servs., LLC v Lopa, 130 AD3d 952, 952-953; East Coast Props. v Galang, 308 AD2d 431).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year after the default in order to avoid dismissal pursuant to CPLR 3215(c) (see US Bank, N.A. v Picone, 170 AD3d 1070, 1072). Rather, "[a]s long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" pursuant to CPLR 3215(c) (Washington Mut. Bank, FA v Milford-Jean-Gille, 153 AD3d 754, 755 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795, 796; State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d 1035, 1037; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774).
Here, the plaintiff timely took proceedings to bring the case to a judgment, thereby negating any intent to abandon the action (see Aurora Loan Servs., LLC v Gross, 139 AD3d at 774). Accordingly, we agree with the Supreme Court's denial of that branch of Gustavia's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court