Bank of Am., N.A. v Batson (2019 NY Slip Op 07231)





Bank of Am., N.A. v Batson


2019 NY Slip Op 07231


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-04159
 (Index No. 26264/11)

[*1]Bank of America, N.A., etc., respondent, 
v
Ronald Batson, etc., appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ronald Batson appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated November 29, 2016. The order, insofar as appealed from, denied that branch of that defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2011, the plaintiff, Bank of America, N.A., commenced this mortgage foreclosure action against, among others, the defendant Ronald Batson (hereinafter the defendant). According to the affidavit of the plaintiff's process server, the defendant was served, inter alia, with a copy of the summons and complaint pursuant to CPLR 308(4). The defendant failed to appear or answer. Thereafter, the plaintiff moved, among other things, for an order of reference. The defendant cross-moved, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, among other things, denied that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and the defendant appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (CPLR 308[2]). Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where personal service under CPLR 308(1) or (2) cannot be made with "due diligence" (CPLR 308[4]). Since CPLR 308(4) does not define "due diligence", it has been interpreted and applied on a case-by-case basis (see U.S. Bank, N.A. v Cepeda, 155 AD3d 809, 810; Estate of Waterman v Jones, 46 AD3d 63, 66).
Here, the process server's affidavit, which reflects that he made five attempts to effect personal service at the defendant's residence, at different times and on different days when the defendant could reasonably be expected to be home, constituted prima facie evidence of proper [*2]service pursuant to CPLR 308(4) (see Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996-997; HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884; Velez v Forcelli, 152 AD3d 630, 631; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 759-760).
Contrary to the defendant's contention, "[s]ince there was no indication that the defendant worked on Saturdays or that his workplace was readily ascertainable, the plaintiff was not required to attempt to serve the defendant at his workplace" (JPMorgan Chase Bank, N.A. v Szajna, 72 AD3d 902, 903). Moreover, the defendant failed to submit an affidavit from a person with personal knowledge denying receipt of the summons and complaint or challenging the accuracy of the allegations in the affidavit of service (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883; State of New York v Mappa, 78 AD3d 926, 927).
Accordingly, we agree with the determination of the Supreme Court to deny that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court