21-50-cv
Absolute Nevada, LLC v. Baer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of February, two thousand twenty-two.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges*.

------------------------------------------------------------------

ABSOLUTE NEVADA, LLC,

*Plaintiff-Appellee*,

v.                                                          No. 21-50-cv

CAPT. JOSEPH BAER,

*Interested-Party-Appellant*,

GRAND MAJESTIC RIVERBOAT COMPANY, LLC,

*Defendant.**

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE: James D. Kleiner, Hill, Betts & Nash LLP, New York, NY

FOR INTERESTED-PARTY-APPELLANT: Capt. Joseph Baer, *pro se*, Covington, KY

Appeal from orders of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED in part, VACATED in part, and REMANDED.

Appellant Joseph Baer, a non-party proceeding pro se, appeals from the September 1, 2020 order of the United States District Court for the Southern District of New York (Castel, J.) holding him in civil contempt and imposing coercive monetary sanctions, and its December 18, 2020 order denying reconsideration of that decision. Appellee Absolute Nevada, LLC sued the

---

* The Clerk of Court is directed to amend the caption as set forth above.

Grand Majestic Riverboat Company, LLC ("Grand Majestic") in connection with a cancelled contract (the "Charter") between the parties to charter the M/V Americana (the "Vessel"), a ship owned by Absolute Nevada. On January 6, 2020, the District Court so-ordered a stipulation between the parties, in which Grand Majestic and its owners and officers principally agreed that they would submit all disputes related to the Charter and the Vessel to arbitration and refrain from placing a lien on the Vessel. The District Court later determined that Baer, the president and a stockholder of Grand Majestic, violated that order by asserting a lien on the Vessel for allegedly unpaid wages related to the Charter. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision.

Baer raises several arguments regarding subject-matter jurisdiction, personal jurisdiction, service of process, and the District Court's contempt findings and imposition of sanctions. We address each in turn.

**I. Subject-Matter and Personal Jurisdiction**

We review questions of a district court's subject-matter jurisdiction de novo. See Landau v. Eisenberg, 922 F.3d 495, 497 (2d Cir. 2019). When considering a district court's decisions regarding personal jurisdiction, we review its factual findings for clear error and legal conclusions de novo. See Troma Ent., Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013).

We conclude that the District Court had subject-matter jurisdiction over this dispute. District courts have original jurisdiction under 28 U.S.C. § 1333(1) over "[a]ny civil case of admiralty or maritime jurisdiction," including maritime contracts. Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 822 F.3d 620, 632 (2d Cir. 2016) (quotation marks omitted). A maritime contract is "one that, for example, relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea or to maritime employment." Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 572 (2d Cir. 2005) (cleaned up). Absolute Nevada maintains that the dispute arises entirely out of the Charter; Baer contends that it arises out of an unrelated maritime lien for seamen's wages asserted in his personal capacity. There is no merit to Baer's position. The

4

District Court had jurisdiction of the dispute between Absolute Nevada and Grand Majestic over a maritime contract between them, see Fednav, Ltd. v. Isoramar, S.A., 925 F.2d 599, 601–02 (2d Cir. 1991), which suit was settled by a so-ordered stipulation, through which the District Court ordered that Grand Majestic and its officers not place a lien on the vessel. This unmistakably applied to Baer, as he was an officer of Grand Majestic.

We also reject Baer's argument that he was not subject to personal jurisdiction in New York because he lacked sufficient contacts with the State. A domestic non-party's intentional violation of an injunction entered by a district court is an action "designed to have purpose and effect in the forum," such that an exercise of personal jurisdiction comports with due process. Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 137 (2d Cir. 2014) (quotation marks omitted). The District Court found that Baer intentionally violated the parties' stipulation and order, which was entered in the District Court. Accordingly, we conclude that Baer was subject to personal jurisdiction in the District Court.

**II.  Service of Process**

Baer next contends that he was never properly served with the order to show cause initiating the contempt proceedings because he was not served in accordance with the law of Kentucky, where he resides.   He asserts that Absolute Nevada's attempts to serve him were also deficient because Absolute Nevada knew he was not home when it attempted to serve him there.   We are not persuaded.   The Federal Rules of Civil Procedure explicitly permit service of a summons under the law of "the state <u>where the district court is located</u> or where service is made."   Fed. R. Civ. P. 4(e)(1) (emphasis added); <u>see</u> <u>Henderson v. I.N.S.</u>, 157 F.3d 106, 123 (2d Cir. 1998).   New York law, which applies here, permits the "nail and mail" service that Absolute Nevada provided in this case if personal service on the person, or another suitable person at the person's home or place of business, cannot be accomplished with due diligence. <u>See</u> N.Y. C.P.L.R. § 308(4).   Here, the process servers affirmed that they visited Baer's home, which was also his business address, on four occasions (over three days, and at different times).   These efforts satisfied the due diligence requirement.   <u>See</u> <u>U.S. Bank, N.A. v. Cepeda</u>, 64 N.Y.S.3d 104, 105 (2d Dep't

6

2017). Baer asserts that his place of employment was a ship on the Mississippi River, but he gives no indication that Absolute Nevada could have ascertained the location of the ship and attempted service there with due diligence.

### III. Contempt Findings

We turn next to the District Court's order finding Baer in civil contempt, which we review under a "rigorous" abuse-of-discretion standard. CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016) (quotation marks omitted). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt," Spallone v. United States, 493 U.S. 265, 276 (1990) (quotation marks omitted), which may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of noncompliance is clear and convincing, and the contemnor has not been reasonably diligent in attempting to comply with the order, see E.E.O.C. v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996). Baer contends that it was unclear that he was bound by the stipulation and order or that, in any event, he was barred from pursuing his claim for wages in a forum other than the arbitration proceedings or by placing a lien on the Vessel.

7

The District Court did not abuse its discretion in finding that Baer was bound by the stipulation and that he violated it. Under Federal Rule of Civil Procedure 65(d), as relevant here, an injunction is binding on non-parties who receive actual notice of it and are either (1) "the parties' officers, agents, servants, employees, and attorneys," or (2) "other persons who are in active concert or participation with" the parties. Fed. R. Civ. P. 65(d)(2)(B)–(C). The stipulation and order explicitly included Grand Majestic's officers — which included Baer. Moreover, the lien purportedly entered by Baer in his personal capacity was also entered by him in his role as an officer of Grand Majestic. Indeed, counsel for Grand Majestic acknowledged that he would pursue Baer's wage claims in arbitration proceedings on behalf of both Baer and Grand Majestic. There was thus enough evidence for the District Court to determine that Baer was "in active participation or concert with" Grand Majestic in pursuit of the claim. Fed. R. Civ. P. 65(d)(2)(C).

**IV. Sanctions**

Finally, we turn to the sanction in the form of a cumulative fine imposed against Baer for his violations of the January 6, 2020 Stipulation and Order. By

8

the time the District Court stayed "the running of further financial penalties" pending the disposition of Baer's appeal, Order at 2 (Record on Appeal Doc. 70), the fine had reached <u>trillions</u> of dollars.   While the amount of the fine for noncompliance with a court order "is left to the informed discretion of the district court," <u>N.Y. State Nat. Org. for Women v. Terry</u>, 886 F.2d 1339, 1353 (2d Cir. 1989), courts consider when setting the fine "the character and magnitude of the harm threatened by continued contumacy," "the probable effectiveness of any suggested sanction" in achieving compliance, and the contemnor's financial resources, <u>Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 658 (2d Cir. 2004) (quotation marks omitted).   In this matter, Baer asserts that the fine is excessive in relation to the scope of this dispute.   Importantly, Absolute Nevada does not object to remanding the amount of the fine to the District Court.   We therefore vacate the portion of the contempt order that imposed the fine and remand so that the District Court can consider what is reasonable at this time under these facts.

We have considered Baer's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we AFFIRM in part the District

Court's orders, VACATE the portion of the September 1, 2020 order that imposed a fine, and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court